# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **HERBERT JOSEPH MONTGOMERY** | * | **CIVIL ACTION NO. 18-0617** |
| **vs.** | * | **JUDGE TERRY A. DOUGHTY** |
| **CAPT. KELLY** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for summary judgment filed by Defendant Captain Kelly. [doc. # 38]. The motion is unopposed. For reasons set forth below, it is recommended that the motion be **GRANTED**.

## Background

Plaintiff Hebert Montgomery, an inmate in the custody of Louisiana's Department of Corrections ("DOC"), proceeding pro se and *in forma pauperis*, filed the instant suit pursuant to 42 U.S.C. § 1983 against Kelly. He alleges that on October 18, 2017, he was thrown into the shower while wearing restraints, and Kelly subsequently pepper sprayed him multiple times and beat him until his skin peeled off and he could not breathe. [docs. # 1, 10–11].

Kelly's version of the incident differs. (*See* Statement of Material Facts, [doc. # 38-5]). According to Kelly, on October 18, 2017, Montgomery caused a disturbance in the chow hall of the Jackson Parish Correctional Center where he was housed. (*Id.* ¶ 1). As a correctional officer was escorting Montgomery back to his cell, Montgomery became combative and struck the correctional officer in the face. (*Id.* ¶¶ 2–3). Kelly and other correctional officers later questioned Kelly about the incident by Kelly. (*Id.* ¶¶ 5–6). During questioning, Montgomery again became combative and struck another correctional officer. (*Id.* ¶ 7). Officers then used chemical agents

on Montgomery. (*Id.* ¶ 8). While being escorted to the shower area to wash off, Montgomery threatened Kelly. (*Id.* ¶ 9). After showering, Montgomery spit in Kelly's eye. (*Id.* ¶¶ 11–12).

Following this incident, Montgomery faced disciplinary charges with the DOC for "defiance." (*Id.* ¶¶ 13, 17). He was convicted and sentenced to a forfeiture of 540 hours of good time, and his DOC appeals were rejected as untimely. [doc. # 38-2 at 26–28]. Montgomery was also criminally charged with three counts of battery on a correctional officer. (Statement of Material Facts ¶ 18). He entered a *nolo contendere* plea to two of those counts, was not prosecuted on the third count, and was sentenced to one year at hard labor on each count, to run consecutively. [doc. # 38-3 at 5–7].

On April 15, 2019, Kelly filed the instant motion for summary judgment pursuant to Federal Rule of Evidence 56. Kelly claims this action should be dismissed in its entirety because Montgomery's convictions arising out of the incident with Kelly preclude his federal civil suit. [doc. # 38-1]. Montgomery did not file a response to the motion.

## **Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact-finder could render a verdict for the nonmoving party. *Id.*

When considering the evidence in a motion for summary judgment, the court construes "all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The court will resolve factual disputes in favor of the

nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018). Rule 56 mandates the entry of summary judgment if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there is "no genuine issue as to any material fact" because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

## Discussion

Kelly argues that Montgomery's claims are precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. Thus, courts will not recognize "a § 1983 claim, which alleges harm based upon conduct that would imply the conviction is invalid . . . so long as the conviction stands undisturbed." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (citing *Heck*, 512 U.S. at 487–89). In relation to an excessive force claim under § 1983, *Heck* bars a claim that would undermine a conviction unless it is "temporally and conceptually distinct from the conviction." *Walter v. Horseshoe Entm't*, 483 F. App'x 884, 887 (5th Cir. 2012) (citations omitted). Summary judgment is appropriate if plaintiff's suit "improperly challenges convictions that arise from the

3

same facts used as the basis for the § 1983 claim." *Sheppard v. City of Alexandria*, No. CIV.A. 10-1396, 2012 WL 3961820, at *1 (W.D. La. Sept. 10, 2012).

"A judgment entered on a plea of *nolo contendere* adjudicates guilt with the same finality and force as a judgment entered pursuant to a guilty plea or a conviction following trial. It is well settled that a plea of *nolo contendere* admits every essential element of the offense (that is) well pleaded in the charge." *Id.* at *2 (quoting *United States v. Williams*, 642 F.2d 136, 138 (5th Cir. 1981)). Accordingly, a *nolo contendere* plea constitutes a conviction for purposes of *Heck*. *Cary v. Town of Church Point*, No. CIV.A. 605CV0572, 2005 WL 3019774, at *2 n.1 (W.D. La. Nov. 10, 2005). Likewise, "[a] conviction for the purposes of *Heck* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including loss of good-time credits." *Hudson v. Cooper*, No. 10-CV-1459, 2010 WL 5489798, at *2 (W.D. La. Dec. 9, 2010); *see Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to prison disciplinary proceedings).

In this § 1983 action, Montgomery claims Kelly violated his constitutional rights by using excessive force. During his deposition, he admitted that as a result of the incident that forms the basis of this suit, he faced criminal battery charges and DOC disciplinary charges. [doc. # 38-2 at 4–5, 11]. Montgomery was charged because of his acts of defiance and battery on the correctional officers, including Kelly. He entered a *nolo contendere* plea to two of the criminal charges and was convicted of "defiance" by the DOC. The alleged use excessive force occurred within the context of an immediate and inseparable response to the battery. Thus, the factual basis for Montgomery's convictions is not "temporally and conceptually distinct" from his excessive force claim. *See Walter*, 483 F. App'x at 887. The civil judgment Montgomery seeks in this suit necessarily implies the invalidity of his convictions if the Court found

4

Montgomery's actions were reasonable and Kelly used excessive force. Accordingly, Montgomery's § 1983 suit is barred by *Heck*.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's unopposed motion for summary judgment [doc. # 38] be **GRANTED** and Plaintiff's claims be **DISMISSED** with prejudice to their being asserted again until the *Heck* conditions are met.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. The District Judge will consider timely objections before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 4th day of June 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining how a preferred order of dismissal under the holding of *Heck* would read).

5